THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:06-cr-30029-MJR ) |
| ALBERT RICHARDSON, | ) ) |
| Defendants, | ) |

**MEMORANDUM and ORDER**

REAGAN, District Judge:

Before the Court is Defendant Albert Richardson's pro se Motion to Correct Clerical Error in Judgment Pursuant to Rule 36 of Federal Rules of Criminal Procedure (Doc. 66).

On July 11, 2008, Defendant Albert Richardson pleaded guilty to distribution and possession with intent to distribute Heroin, in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Richardson was sentenced to 70 months on each count, "to be served concurrently to each other and concurrently to the undischarged sentence imposed in Case No. 51310 out of the Grayson County, Texas, 15th Judicial District Court" (Doc. 45, p. 2). Prior to pleading guilty to the instant charges, Richardson had been in custody in Texas since November 5, 2005, serving a 4 year sentence on a Marijuana charge. He was indicted on February 23, 2006, and taken into federal custody on May 21, 2007. At the sentencing hearing, this Court observed that if Richardson received full goodtime credit, 275 days would be deducted from the 70 month term, so Richardson "would end up doing five years and 30 days…" (Doc. 66-3, p. 14/Doc. 60, p. 13).

1

From Richardson's perspective, pursuant to the Court's statement, he should serve no longer than 5 years and 30 days; however, the current Bureau of Prisons' projection indicates he will serve 6 years, 11 months and 10 days—a difference of approximately 22 months. Richardson would have the Court amend the judgment to specify that he is to serve no more than 5 years and 30 days. Richardson attributes the differing calculations to his not being given full credit for the time served on his Texas sentence, from November 5, 2005, through September 17, 2007, when his recognized 297 days of jail credit commenced due to his release from the Texas Department of Criminal Justice ("TDCJ") (*see* Doc. 66-4, p. 2). Richardson asserts that the Court's intent was to have the Texas sentence and the federal sentence be "fully concurrent," as the state and federal drug charges stemmed from a single course of conduct.[1] Richardson argues that United States Sentencing Guidelines § 5G1.3, Application Note 3E, provides for just such a downward departure.

## Discussion

Defendant Richardson is seeking to correct a "clerical error," pursuant to Federal Rule of Civil Procedure 36. Rule 36 states: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." **Fed.R.Civ.P. 36.** However, a review of the transcript of the sentencing hearing and the Judgment reveals no clerical error or other error that would fall within the ambit of Rule 36.

---

[1] The Texas Marijuana offense date was February 24, 2003; the federal Heroin offense pertained to conduct between September 2002 and September 24, 2003. ***See*** **Doc. 67, pp. 6 and 9.**

When there is a discrepancy between the orally pronounced sentence and the written judgment, the oral sentence controls, and the error may be corrected under Rule 36. *See United States v. Augustino*, 132 F.3d 1183, 1200 (7th Cir. 1997). Put succinctly, the Judgment mirrors the Court's oral pronouncement; there is no error to correct.

The Court orally pronounced that Richardson was sentenced to "70 months," and the sentences for Counts 1 and 2 were to run concurrently with each other and concurrently "to the undischarged term in case number 51310" (the Texas case). **Doc. 60, pp. 7 and 12/Doc. 66-3, pp. 8 and 13.** When the Court subsequently attempted to reinforce that Richardson was fortunate to receive a relatively lenient sentence, and that Richardson could potentially reduce his sentence by behaving while in prison, the Court stated:

> Just to do a little more math for you, if you are completely cooperative while in custody of the Bureau of Prisons and you engage in all of the programs and don't get in any trouble, you can get another 275 days knocked off of that, which means you would end up doing five years and 30 days. So the difference between five years and 30 days and [your maximum potential sentence] is huge.

**Doc. 60, pp. 12-13/Doc. 66-3, pp. 13-14.** The Court's commentary was clearly not a pronouncement of sentence.

Insofar as the judgment provided that Richardson's sentences on Counts 1 and 2 run concurrently to each other, and concurrently to his undischarged Texas sentence, Richardson now shows a basic misconception that his Texas sentence is, or should be, credited toward his federal sentence. Richardson is attempting to have the judgment "clarified" in a manner that is not possible under Rule 36. At the risk of offering an advisory opinion, the Court will delve into the intricacies of how Richardson's sentence is and various credits are tallied.

3

In accordance with 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." **18 U.S.C. § 3585(a)**. Therefore, July 11, 2008, the day Richardson was sentenced, marks the commencement of his 70 month sentence.

Section 3585 further explains the acquisition of credit for prior custody:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> *that has not been credited against another sentence*.

**18 U.S.C. § 3585(b) (emphasis added)**. It is the Bureau of Prisons, not the Court, that calculates credits toward a sentence, and Section 3585(b) bars the Bureau of Prisons from giving double credit. ***United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000);** ***United States v. Wilson*, 503 U.S. 329, 330 (1992).** In any event, time credited toward Richardson's Texas sentence cannot be counted toward the federal sentence because he continued to receive credit toward his Texas sentence while in federal pretrial custody. A writ of *habeas corpus ad prosequendum* (Doc. 9) was used to remove Richardson from Texas prison and transport him to this district to face federal charges. Therefore, in accordance with the Interstate Agreement on Detainers (Pub.L. 91-538, § 2, Art. V(f) Dec. 9, 1990, 84 Stat. 1397), "[d]uring the continuance of temporary custody or while the prisoner is otherwise being made available for trial as required, time being served on the sentence shall continue to run…." Consequently, while awaiting sentencing, and unbeknownst to the Court, Richardson's Texas term expired on September 17,

2007.  *See* **Doc. 66-4, p. 2.**   Richardson then accumulated 297 days of credit for his time in federal custody (September 18, 2007, through July 10, 2008).  *See* **Doc. 66-4, p. 2.**

Section 5G1.3(c) of the United States Sentencing Guidelines states that, "in any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."  **U.S.S.G. § 5G1.3(c)**.  Richardson correctly observes that Application Note 3(E) to Guidelines Section 5G1.3 states:

> Unlike subsection (b), subsection (c) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on the undischarged term of imprisonment.  However, in an extraordinary case involving an undischarged term of imprisonment under subsection (c), it may be appropriate for the court to downwardly depart. This may occur, for example, in a case in which the defendant has served a very substantial period of imprisonment on an undischarged term of imprisonment that resulted from conduct only partially within the relevant conduct for the instant offense.  In such a case, a downward departure may be warranted to ensure that the combined punishment is not increased unduly by the fortuity and timing of separate prosecutions and sentencings.

**U.S.S.G § 5G1.3 Application Note 3(E).**  However, the Court did not downward depart to give Richardson credit for his Texas sentence.  The Court will not elaborate, as Richardson raises that issue in a separate action pursuant to 28 U.S.C. § 2255, *Richardson v. USA*, No. 09-498-MJR (S.D.Ill. Jul. 2, 2009).

Rule of Civil Procedure 36 does not provide for a sentence to be changed, not even if the sentence is erroneous.  ***United States v. Eskridge*, 445 F.3d 930, 934 (7th Cir. 2006).**  Federal Rule of Civil Procedure 35(a) permits correction of a sentence that results from "arithmetical, technical, or other clear error," but such a correction must be made within 14 days after sentencing—a deadline that has long since passed.  Another potential avenue of

5

relief would be to collaterally attack the sentence pursuant to 28 U.S.C. § 2255. As noted earlier, Richardson has a pending Section 2255 action, *Richardson v. USA*, No. 09-498-MJR (S.D.Ill. Jul. 2, 2009).

Returning to Richardson's projected release date, as previously explained, his sentence is computed from July 11, 2008; 70 months after which would be May 11, 2014. Subtracting from May 11, 2014, the 297 days credit Richardson received for federal pretrial custody, Richardson's full term of imprisonment would end on July 17, 2013. Furthermore, as the Court indicated at sentencing, Richardson can receive additional credit for good behavior and cooperation while in prison. The Court thought Richardson would be able to accrue up to 275 days of credit, but the Bureau of Prisons now projects that he will accrue 274 days of credit (Doc. 66-4, p. 2). As noted above, it is the Bureau of Prisons, not this Court, that is tasked with calculating such credits, and Richardson does not take issue with the number of good time credits projected by the Bureau of Prisons. Applying 274 days of good conduct credit moves Richardson's projected release date from July 17, 2013, to October 16, 2012—which is the same release date projected by the Bureau of Prisons.

## Conclusion

The Court finds no clerical error in Richardson's judgment and for the foregoing reasons the Court **DENIES** Richardson's Motion to Correct Clerical Error in Judgment (Doc. 66).

IT IS SO ORDERED

DATED: July 12, 2011

                                              s/ Michael J. Reagan
                                              MICHAEL J. REAGAN
                                              United States District Judge